UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ZIYAO JIANG,

Plaintiff.

1. 25-CV-3814
2. 25-CV-3804
3. 25-CV-3604
4. 25-CV-3600
5. 25-CV-3599
6. 25-CV-3598
7. 25-CV-3597
8. 25-CV-3596
9. 25-CV-3526
10. 25-CV-3524
11. 25-CV-3523
12. 25-CV-3521
13. 25-CV-3520
14. 25-CV-3519
15. 25-CV-3518
16. 25-CV-3517

ORDER OF DISMISSAL
AND TO SHOW CAUSE
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ziyao Jiang, a resident of Flushing in Queens County, New York, has filed 16

*pro se* complaints in this court since April 27, 2025, and he has filed motions for injunctive relief

and "protective orders" and to "freeze assets" in most of them. The Court granted Plaintiff leave

to proceed *in forma pauperis* ("IFP") in each of the above-captioned actions. For the reasons set

forth below, the Court dismisses the complaints; denies without prejudice the pending motions;

and orders Plaintiff to show cause why he should not be barred from filing future actions IFP in

this Court without prior permission.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

### A.    Complaints considered in this action

Although these 16 complaints name different defendants, they are substantially similar in most other respects. Plaintiff seeks millions of dollars in damages, mostly from private entities and individuals, for allegedly engaging in criminal acts and other misconduct, including but not limited to, murder, robbery, stalking, harassment, perjury, and identity theft. The complaints are one to two pages long and include attachments of photographs of streets, houses, cars, and individuals, with lists of dates, times, locations, and car license plates. In many of the complaints, Plaintiff appears to sue Defendants solely because they own property near where the underlying events allegedly occurred.

For example, in *Jiang v. Baosino LLC*, No. 25-CV-3520, Plaintiff seeks money damages from a Queens business for "murder and rob"; "lost of investment, job, career, business and ID"; "mental loss"; and stalking.

> 1/24/2025, 15:05:15 PM, 14238 Franklin Ave, Flushing, NY 11355, at the very moment I roll by, car KXB8551 blocks Plaintiff in street, NYPD car rolls by, a Chinese walks at Plaintiff to perjury were together, a Chinese open door for perjury Plaintiff theft, a Chinese store for perjury Plaintiff Prostitution Offenses (managing, transporting, trafficking) which is defined by USCIS Chapter 4 - Permanent Bars to Good Moral Character. Minutes later same day, only yards to Plaintiff's home, a man with cart walks in front of me to walk into neighbour

property. It's stalking and perjury theft. According to a third-party information system, Defendant is owner of the property

ECF 1 at 1.[1] Plaintiff's other complaints allege similar facts. *See Jiang v. North Shore Univ. Hosp.*, No. 25-CV-3814 (suing Nassau County hospital for "insurance scam, health care fraud, perjury, murder and rob"); *Jiang v. Energo Corp.*, No. 25-CV-3804 (suing Delaware business for "murder, rob; lost of investment, job, career, business and ID, mental loss, stalking, threat"); *Jiang v. Piece of Cake Moving & Storage*, No. 25-CV-3604 (suing Queens business for "murder, rob; lost of investment, job, career, business and ID, mental loss; stalking, threat"); *Jiang v. Walter Landscaping Corp.*, No. 25-CV-3600 (same); *Jiang v. Gamez Lawn & Sprinklers*, No. 25-CV-3598 (same); *Jiang v. Cruise Yacht Opco Ltd Co.* No. 25-CV-3597 (suing Florida business on same grounds); *Jiang v. Chinese Language Unite in New York*, No. 25-CV-3596 (suing Queens church on same grounds); *Jiang v. Chuang Family Trust*, No. 25-CV-3526 (suing private defendants in Queens on same grounds); *Jiang v. SFC Global Supply Chain, Inc.*, No. 25-CV-3524 (suing Minnesota business on same grounds); *Jiang v. Xinchuang Construction Inc.*, No. 25-CV-3523 (suing Queens business on same grounds); *Jiang v. Liberty Ashes, Inc.*, No. 25-CV-3519 (same); *Jiang v. Marcelo*, No. 25-CV-3518 (suing Associated Press reporter for stalking, "murder, rob and theft").

Plaintiff also filed two complaints naming police departments. In *Jiang v. Johnstown Police Dep't*, No. 25-CV-03599, Plaintiff sues defendants located in Pennsylvania, including the Johnstown Police Department, Lower Yoder Township, the Greater Johnstown Water Authority, Firstenergy Corp., the Greater Johnstown School District, the Cambria County Library, and the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Johnstown Fire Department. He alleges that Defendants "commit a serious of suspicious crime, includes but not limit to murder, rob, theft, unregistered foreign agent." ECF 1 at 1.

> 1. Defendant(s) lockdown my phone and number, which is relative to ID and SNAP theft, see EDNY #25-CV-409, Jiang v. Queens SNAP Benefits Center. 2025/04/28, 07:36:41, Defendant(s) cyber stalk to show off their ID theft and suspicious crime at Plaintiff, see screen shots.
>
> 2. Defendant(s) stalk Plaintiff to DMV to ban me getting driver license and close to single woman, arrange a woman with her child close to me for Cuckooing.
>
> 3. Defendant(s) theft my job of McDonald's Restaurant.
>
> 4. Defendant(s) arrange a counter staff of gym wear Harvard University T-shirt when I arrive early morning. ID theft.
>
> 5. Defendant(s) perjure Plaintiff sexual assault in gym. 6. Defendant(s) theft my FBI back ground check report, and theft my application and job of #5.

ECF 1 at 1.

> In *Jiang v. New York City Police Dep't*, No. 25-CV-3517, Plaintiff alleges that he is the victim to Defendant's suspicious crimes, includes but not limit to ID and document theft, bank pin theft, perjury Plaintiff theft in retail stores, refuse Plaintiff's request of crime report, business scam, murder and rob permanent resident of right to neutralized citizenship, theft government benefits, and insurance scam for growing long-term hidden spy and criminal network.

ECF 1 at 1.

Plaintiff further claims that the defendants in the 25-CV-3517 action "install lie detector and sonic weapon in my living place for Defendants, interrupting my investment analysis, steal my investment plan, analysis method, maths models, formulas, data base and intellectual property for Defendants," and he seeks damages for "loss of investment, job, career, business, ID, mental loss." Id.

Finally, Plaintiff asserts similar claims against the Chinese government. *See Jiang v. Central Gov't of P.R. China*, No. 25-CV-3521 (suing the Chinese government because of its

"suspicious crime at Plaintiff," seeking "compensation for murder, rob; lost of investment, job, career, business and ID, mental loss; stalking, threat").[2]

B.    **Cases filed in the Western District of Pennsylvania**

Plaintiff previously filed a complaint in the United States District Court for the Western District of Pennsylvania in which he asserted claims of stalking, identity theft, perjury, corruption, fraud, murder, and robbery against the Johnstown Police Department. *See Jiang v. Johnstown Police Dep't*, No. 24-CV-128 (W.D. Pa. Oct. 11, 2024). That court dismissed the complaint for failure to state a claim on which relief may be granted:

> [Plaintiff] cites no federal law and presents no cognizable cause of action for the Federal Court. As stated above, Plaintiff provides several pages of facts that recite allegations against the Defendants, but the Complaint lacks any substantive argument or facts to support the bald-faced assertions against Defendants that they are committing these wrongs against him. Even if Plaintiff presented a cognizable case for the wrongs asserted, his claims are not within the purview of federal law. Plaintiff's Complaint is deficient in both law and fact and the Court finds there is no plausible cause of action. As such the Complaint must be dismissed.

*Id.*; *see also Jiang v. Yuan*, No. 23-CV-287 (W.D. Pa. Mar. 7, 2024) (dismissing second amended complaint asserting claims of stalking, harassment, perjury, fraud, drug dealing, and murder against defendants in China because it was "deficient in both law and fact and the Court finds there is no plausible cause of action."), *aff'd* No. 24-1510 (3d Cir. July 25, 2024).

## DISCUSSION

A.    **The complaints do not comply with federal pleading rules**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

---

[2] Plaintiff filed 13 complaints against the Chinese government in the United States District Court for the Eastern District of New York. *See, e.g.*, *Jiang v. Central Gov't of China*, No. 24-CV-6939 (E.D.N.Y. Mar. 10, 2025) (denying IFP status and dismissing complaint).

the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaints do not include sufficient factual allegations to comply with Rule 8. The Court refers Plaintiff to the reasoning set forth in the orders dismissing his cases in the United States District Court for the Western District of Pennsylvania, because these complaints suffer from the same deficiencies. To reiterate those grounds, Plaintiff cites no federal law and asserts no cognizable causes of action, and his allegations do not suggest any claims falling within this Court's jurisdiction. He names defendants without stating facts showing that they were involved personally in violating his federally protected rights. Instead, Plaintiff lists locations and describes nearby cars and individuals that were in his vicinity, then concludes without factual support that Defendants have harmed him. In short, Plaintiff's complaints do not contain any facts suggesting that any defendant is liable for committing any misconduct against him.

**B.    Plaintiff's allegations are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or

'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

In his complaints, Plaintiff notes dates, times, locations, and dates, asserts that a certain car drove by or an individual was in the area, and then alleges that he was the victim of stalking, attempts on his life, financial crimes, and harassment. There are no specific allegations in his pleadings showing that any defendant, or any other individual or entity, engaged in such conduct. Plaintiff's claims are premised on his belief that private companies, individuals, police departments, and county agencies in multiple states, and the government of China, have violated his rights. However, a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that law enforcement agencies and others have victimized him. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

Plaintiff has provided the court with allegations that he believes to be true – that Defendants in New York, Pennsylvania, Delaware, Florida, Minnesota, and China have harmed

him – but that are implausible. Plaintiff has pleaded no factual predicate in support of his assertions; therefore, the allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance" by law enforcement "to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

There is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from these allegations and assertions. The Court therefore dismisses Plaintiff's complaints as frivolous.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). There is no indication that if Plaintiff were given an opportunity to amend any of these complaints that he would be able to state a plausible claim arising under federal law. Because the defects in Plaintiff's complaints cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend any of his complaints. *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have

recognized exceptions for 'unmistakably' defective pleadings, *id.*, and serial litigation that 'reassert[s]' claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).").

## LITIGATION HISTORY AND ORDER TO SHOW CAUSE

Public Access to Court Electronic Records (PACER) shows that, since December 2023, Plaintiff has filed approximately 87 *pro se* matters. *See In re Ziyao Jiang*, No. 24-CV-8492 (E.D.N.Y. Mar. 10, 2025) (noting that Plaintiff had, "as of March 10, 2025, filed 66 separate lawsuits in this Court over the past twelve (12) months"). The United States District Court for the Eastern District of New York warned Plaintiff on March 10, 2025 – well before he filed any complaints in this court – that he could face a filing injunction in that court if he persisted in filing frivolous and vexatious complaints. *See In re Ziyao Jiang*, No. 24-CV-2447 (E.D.N.Y. Mar. 10, 2025) (dismissing scores of complaints and warning Plaintiff "that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking [IFP] status without leave of the Court.").

Moreover, Plaintiff previously filed very similar *pro se* complaints in the Western District of Pennsylvania that were dismissed on the merits. *See Jiang v. Johnstown Police Dep't*, No. 24-CV-128 (W.D. Pa. Oct. 11, 2024) (dismissing complaint for failure to state a claim); *Jiang v. Yuan*, No. 23-CV-287 (W.D. Pa. Mar. 7, 2024) (same).[3] In light of Plaintiff's litigation

---

[3] These other courts denied Plaintiff leave to proceed IFP. *See Jiang v. Johnstown Dist. Libr. Ctr. to Cambria Cnty. Libr.*, No. 24-CV-306 (W.D. Pa. Feb. 27, 2024) (denying leave to proceed IFP because "Plaintiff is not indigent"); No, 25-1087 (3d Cir. Feb. 13, 2025) (directing Plaintiff to comply with procedural requirements in pending mandamus petition); *In re Ziyao Jiang*, No. 24-CV-8492 (E.D.N.Y. Mar. 10, 2025) (denying IFP status because Plaintiff's submissions did not establish that he was unable to pay the filing fees); *Jiang v. Du*, No. 24-CV-889, 2024 WL 3652893, at *1 (E.D.N.Y. Aug. 5, 2024) (same), No. 24-2473 (2d Cir. Apr. 25, 2025) (dismissing appeal because it "lacks an arguable basis either in law or in fact.") This Court

history, and the warning from the Eastern District of New York, this Court finds that Plaintiff was or should have been aware that these complaints were deficient when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

The Court cannot tolerate the abuse of its limited resources. Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file a complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so. Should the Court issue a bar order, it will take effect as of the date of this order.

## CONCLUSION

The Court dismisses the above-captioned complaints as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Clerk of Court is directed to terminate all pending motions, and to docket this order in each of the above-captioned cases.

---

granted Plaintiff IFP status based on the applications that he submitted here, but that status may be revoked if the information Plaintiff provided proves to be incomplete or untrue.

Plaintiff shall have 30 days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order. **If Plaintiff submits a declaration form, it should bear the docket number 25-CV-3517**. **The Court will consider it in connection with each case**. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so. **The bar order will be effective as of the date of this order**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold these matters open on the docket.

SO ORDERED.

Dated:    May 9, 2025
          New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

_____
Address

City            State        Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)