UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ZIYAO JIANG,

           Plaintiff.

1. 25-CV-3814
2. 25-CV-3804
3. 25-CV-3604
4. 25-CV-3600
5. 25-CV-3599
6. 25-CV-3598
7. 25-CV-3597
8. 25-CV-3596
9. 25-CV-3526
10. 25-CV-3524
11. 25-CV-3523
12. 25-CV-3521
13. 25-CV-3520
14. 25-CV-3519
15. 25-CV-3518
16. 25-CV-3517

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed these 16 *pro se* actions between April 27, 2025, and May 9, 2025,[1] and the Court granted him leave to proceed *in forma pauperis* ("IFP") in each case. By order dated May 9, 2025, the Court dismissed these actions for failure to state a claim and as frivolous. *Jiang v. New York Police Dep't*, ECF 1:25-CV-3517, 9 (S.D.N.Y. May 9, 2025). The Court noted that Plaintiff had previously filed more than 65 *pro se* actions in the United States District Court for the Eastern District of New York, and that that court warned Plaintiff on March 10, 2025 – well

---

[1] Plaintiff filed three other actions in this court prior to May 9, 2025, but due to a docketing delay the Court was not aware of them when it issued the order to show cause. *See Jiang v. St. Jude Children's Research Hosp.*, No. 25-CV-3881 (S.D.N.Y. filed May 6, 2025); *Jiang v. Berkheimer Tax Innovations*, No. 25-CV-3878 (S.D.N.Y. filed May 5, 2025); *Jiang v. Xiang Ning Clinic*, No. 25-CV-3877 (S.D.N.Y. filed May 5, 2025). The Court will address those actions by separate order. Plaintiff has also filed one new case. *Jiang v. Central Government of P.R. China*, No. 25-CV-4237 (LTS) (S.D.N.Y. filed May 15, 2025).

before he filed any actions in this court – that he could face a filing injunction if he persisted in filing frivolous and vexatious actions. *Id.*; *see In re Ziyao Jiang*, No. 24-CV-8492 (E.D.N.Y. Mar. 10, 2025); *In re Ziyao Jiang*, No. 24-CV-2447 (E.D.N.Y. Mar. 10, 2025); *see also Jiang v. Johnstown Police Dep't*, No. 24-CV-128 (W.D. Pa. Oct. 11, 2024) (dismissing action for failure to state a claim).

In that order, the Court denied Plaintiff leave to amend any of his pleadings because amendment would be futile, and ordered him to show cause why he should not be barred from filing further actions IFP in this Court without prior permission. The Court directed Plaintiff to file only one declaration, in No. 25-CV-3517, and alerted Plaintiff that should the bar order issue, it would take effect as of May 9, 2025. No. 25-CV-3517, ECF 9 at 10.

Plaintiff filed a declaration on May 14, 2025, but his arguments against imposing the bar order are insufficient. No. 25-CV-3517, ECF 11. By way of example, Plaintiff alleges:[2]

> Inspector General Office of DOJ, who are investigating those cases involved, reached a basic conclusion that Central Government of P.R. China (CGC) and Ministry of Public Safety (MPS, national police department) keep extractive behaviors, just like any other ditatorship country, to domestic citizens and expend their greedy to other countries.
>
> Specifically, extractive behaviors of CGC and MPS in U.S includes building and growing a large criminal and spy network, which is used for illegal benefits. They get three types of ways to get more members for their network, positive, negative and both. Positive like bribery make potential members think they can illegally benefit from the network, Negative includes threat, perjury, police abuse, ID theft, murder and rob. Pliantiff is victim to Negative.

(ECF 11 at 1.) Plaintiff also alleges:

> As illustration above, criminal and spy build and grow a large network in our country, commiting crimes frequently everyday and covering like daily activities, almost everyone can be victims, I get a lot of evidence as exhibits uploaded. Investigation suggest Plaintiff to file some complaints and motions in order to

---

[2] The Court quotes from the declaration verbatim. All capitalization, punctuation, spelling, omissions, and grammar are in the original.

>  float up all of them. Therefore, Plaintiff's Answer petition this court to cancel the Order.

(*Id.* at 3.)

Plaintiff has filed multiple responses to the order to show cause in his other cases, *see, e.g.*, No. 25-CV-3600, ECF 7; No. 25-CV-3599, ECF 8; No. 25-CV-3598, ECF 8; No. 25-CV-3597, ECF 9; No. 25-CV-3596, ECF 9; No. 25-CV-3526, ECF 9; No. 25-CV-3523, ECF 9; No. 25-CV-3520, ECF 10; 25-CV-3804, ECF 6, and multiple motions seeking various forms of relief. The Court has reviewed all of Plaintiff's submissions. Although they reference different details, the assertions they contain are substantially similar to the declaration cited in this order, and fail to provide any reason why the Court should not issue the bar order. Accordingly, the bar order will issue, effective as of May 9, 2025.

## CONCLUSION

For the reasons set forth in this order, the Court bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. The bar order is effective as of May 9, 2025. Plaintiff must attach a copy of any proposed complaint and a copy of this order to any motion seeking leave to file a future civil action in the court IFP. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action IFP without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Clerk of Court is directed to terminate all pending motions and enter civil judgments dismissing the abovementioned cases.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 9, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge