UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ZIYAO JIANG,

        Plaintiff.

1. 25-CV-3814
2. 25-CV-3804
3. 25-CV-3604
4. 25-CV-3600
5. 25-CV-3599
6. 25-CV-3598
7. 25-CV-3597
8. 25-CV-3596
9. 25-CV-3526
10. 25-CV-3524
11. 25-CV-3523
12. 25-CV-3521
13. 25-CV-3520
14. 25-CV-3519
15. 25-CV-3518
16. 25-CV-3517

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

In a single order dated May 9, 2025, the Court dismissed these 16 *pro se* actions as frivolous and for failure to state a claim, and directed Plaintiff to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this court without prior permission.[1] *See, e.g.*, No. 25-CV-3517, ECF 9. The Court reviewed Plaintiff's multiple responses to the order to show cause, and determined that they did not provide any reason why

---

[1] Public Access to Court Electronic Records ("PACER") shows that Plaintiff has filed more than 90 *pro se* civil actions and appeals in various federal courts, all of which were dismissed either as frivolous, for failure to state a claim on which relief may be granted, or for failure to comply with court orders. *See, e.g., In re Ziyao Jiang*, No. 24-CV-2447 (E.D.N.Y. Mar. 10, 2025) (denying IFP, dismissing 40 complaints, and warning Plaintiff that a filing injunction could issue); *Jiang v. Johnstown Police Dep't*, No. 24-CV-128 (W.D. Pa. Oct. 11, 2024) (dismissing action for failure to state a claim).

the bar order should not issue. On June 11, 2025, the Court issued the bar order and entered civil judgment, and these matters were closed.

Plaintiff continued filing multiple documents in these cases, including responses to the bar order that had already been issued, "exhibits," and motions seeking various forms of relief, including sanctions, protective orders, and arrest warrants. *See, e.g.*, No. 25-CV-3814, ECF 12; No. 25-CV-3596, ECF 12, 13; No. 25-CV-3517, ECF 17-21. By order dated July 14, 2025, the Court denied the motions, and directed Plaintiff to show cause, by declaration within 30 days, why he should not be barred under Section 1651 from filing further documents *in these cases*, with the exception of documents directed to the Second Circuit. *See* No. 25-CV-3517, ECF 23. Plaintiff has continued to bombard the Court will frivolous filings, making it clear that he will not stop in the absence of a bar order. Accordingly, he has failed to show cause why he should not be barred, and the bar order will issue.

## CONCLUSION

The Court denies all pending motions and applications in the cases listed above, and directs the Clerk of Court to terminate them.

The Court hereby bars Plaintiff, under 28 U.S.C. § 1651, from filing documents in any of the above-captioned cases, with the exception of documents directed to the Second Circuit. Should Plaintiff file new documents for the attention of this Court, the Court will review them, but will not act on, and will terminate for statistical purposes, any that are consistent with his pattern of vexatious and frivolous litigation. Should plaintiff file documents directed to the Second Circuit, the filings will be brought to the attention of the Second Circuit but this Court will take no further action on them.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 25, 2025
         New York, New York

>                /s/ Laura Taylor Swain
>                LAURA TAYLOR SWAIN
>                Chief United States District Judge

3